UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PEREZ, WILLIAMS & MEDINA, | ) | 1:05cv0403 DLB |
| | ) | |
| | ) | |
| | ) | FINDINGS AND RECOMMENDATIONS RE |
| Plaintiff, | ) | MOTION TO ENTER DEFAULT AND |
| | ) | DEFAULT JUDGMENT |
| v. | ) | |
| | ) | (Documents, 13, 14) |
| | ) | |
| MARIA ISABEL MARTINEZ, et.al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On June 29, 2005, Perez, Williams &Medina, a Law Partnership ("Plaintiff"), filed motions for entry of default and default judgment against defendants CBCA Health Insurance ("CBCA") and defendant Hughes/Lawson Physical Therapy ("Hughes") (collectively "Defendants"). Defendants did not file any opposition to the motion or otherwise communicate with the Court. Pursuant to Local Rule 78-230(h), the Court determined that the motion was proper for submission without oral argument.

**BACKGROUND**

This action arises out of a first amended complaint in interpleader filed in Fresno County Superior Court by Plaintiff on December 23, 2003. Plaintiff filed the action in an effort to seek the Court's assistance in determining the rightful recipients to the sum of $15,000.00 in settlement proceeds obtained in a prior personal injury action pursuant to representing defendants Maria Isabel Martinez and Francisco Martinez ("Martinez defendants"). A dispute exists

between the Martinez defendants and healthcare providers the United States Department of Health and Human Services ("the United States") and Saint Agnes Medical Center regarding the extent that each defendant is entitled to a portion of the proceeds. On December 29, 2003, Plaintiff deposited the $15,000.00 in disputed settlement proceeds with the Clerk of the Fresno County Superior Court.

On March 25, 2005, the United States removed the action to the United States District Court. The United States filed a counter claim against the Martinez defendants which has been answered.

Plaintiff alleges that the Martinez defendants gave conflicting instructions as to the amounts to be paid to satisfy their outstanding medical expenses, claimed medical liens and claims for reimbursement. The Martinez defendants then filed a complaint with the State Bar of California that plaintiffs were not satisfying the reimbursement claim of CBCA Health Insurance or the bill of Hughes/Lawson Physical Therapy. Plaintiff has waived any claim to fees and costs from the settlement and requests to be dismissed once the money is deposited with this Court.

The first amended complaint was served on defendant Hughes/Lawson on February 4, 2004. The first amended complaint was served on defendant CBCA on February 10, 2004. Defendants did not answer the amended complaint or otherwise appear in the action.

Plaintiff filed the present motions for default judgment on June 29, 2005. Plaintiff requests that the Court enter default judgment against Defendants Hughes/Lawson and CBCA and order that Defendants Hughes/Lawson and CBCA take nothing in this action by reason of their failure to appear and that each Defendant pay costs in the amount of $381.25.

Defendants have not opposed this motion.

**DISCUSSION**

A.    Legal Standard

Rule 55(b) of the Federal Rules of Civil Procedure provides that judgment by default may be entered as follows:

> (1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment

for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and if he is not an infant or incompetent person.

(2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

"Upon default, the well pleaded allegations of the complaint relating to liability are taken as true." Dundee Cement Co. v. Highway Pipe and Concrete Products, 722 F.2d 1319, 1323 (7th Cir. 1983); Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987). Thus, "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted." 10 J. Moore, Moore's Federal Practice §55.11 (3d ed. 2000).

Service of summons and the complaint in this action was made on defendant Hughes/Lawson on February 4, 2004 and on defendant CBCA on February 10, 2004. *See* Document No. 16.

The defaulting defendants are not infants, incompetent persons, persons in military service or otherwise exempt from the default judgment under the Soldiers and Sailors Default Relief Act of 1940.

Plaintiff seeks entry of default against defendants and judgment that defendants take nothing by way of the complaint in interpleader based on their failure to appear. For the reasons discussed above, the Court HEREBY RECOMMENDS[1] that the Court enter the following ORDERS:

1. Plaintiff's motion to enter default against defendant CBCA Health Insurance and defendant Hughes/Lawson Physical Therapy is GRANTED;

---

[1] Although all parties who have appeared in this action have consented, pursuant to 28 USC § 636, to the undersigned as judge for all purposes in this action neither CBCA nor Hughes/Lawson have appeared or consented.

3

2. Plaintiff's motion for default judgment in favor of plaintiff and against Defendants CBCA Health Insurance and Hughes/Lawson Physical Therapy is GRANTED and these defendants shall take nothing in this interpleader action;

3. The Clerk of Court is DIRECTED to enter the default of defendants CBCA Health Insurance and Hughes/Lawson Physical Therapy and enter default judgment in favor of plaintiff and against defendants CBCA Health Insurance and Hughes/Lawson Physical Therapy.

These findings and recommendations are submitted to Senior United States District Judge Robert E. Coyle, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within 10 days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 2, 2006              /s/ Dennis L. Beck
3b142a                              UNITED STATES MAGISTRATE JUDGE